```
 1                UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF CALIFORNIA

 3

 4  UNITED STATES OF AMERICA,    )  Case No. 07CR3297-WQH
                                 )
 5           Plaintiff,          )  San Diego, California
                                 )
 6  vs.                          )  Thursday,
                                 )  January 17, 2008
 7  RAMON MADRIGAL-NAVARRO,      )  9:30 a.m.
                                 )
 8           Defendant.          )
    _____)
 9

10         TRANSCRIPT OF DISPOSITION HEARING
           BEFORE THE HONORABLE NITA L. STORMES
11              UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  For the Plaintiff:         GEORGE MANNAHAN, ESQ.
                               Assistant United States
14                              Attorney
                               880 Front Street
15                             San Diego, California  92101

16  For the Defendant:         MARCUS E. DeBOSE, ESQ.
                               Pacific Law Center
17                             4225 Executive Square Drive
                               Suite 1550
18                             La Jolla, California 92037
                               (858) 789-0123
19
    Transcript Ordered by:     TARA MCGRATH, ESQ.
20
    Transcriber:               Shonna D. Mowrer
21                             Echo Reporting, Inc.
                               6336 Greenwich Drive
22                             Suite B
                               San Diego, California  92122
23                             (858) 453-7590

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

                                                                    1

1  SAN DIEGO, CALIFORNIA  THURSDAY, JANUARY 17, 2008  9:30 AM
2                          --oOo--
3      (Call to order of the Court.)
4          THE CLERK:  Calling Matters 1 and 2 off the
5  calendar, Case Number 07CR3297-WQH, United States versus
6  Ramon Madrigal-Navarro, and 07CR3432-BTM, United States
7  versus Luis Antonio Padilla Pinoquiante (phonetic), both on
8  calendar for change of plea hearings.
9          THE COURT:  Good morning, gentlemen.
10         DEFENDANT MADRIGAL (Through interpreter):  Good
11 morning.
12         THE COURT:  Mr. Perrault, would you please place
13 each of these individuals under oath.
14         THE CLERK:  Would you each please raise your right
15 hand.
16      RAMON MADRIGAL-NAVARRO - DEFENDANT - SWORN
17    LUIS ANTONIO PADILLA PINOQUIANTE - DEFENDANT - SWORN
18         THE CLERK:  You may put your hands down.
19         THE COURT:  Mr. Padilla, have you taken any drugs
20 or other medications in the past 48 hours that would
21 interfere with your ability to understand the court
22 proceedings this morning?
23         DEFENDANT PADILLA (Through interpreter):  No, I
24 haven't taken anything.
25         THE COURT:  Mr. Madrigal, have you?

2

```
 1            DEFENDANT MADRIGAL:  No.
 2            THE COURT:  If at any time during this proceeding
 3  you don't understand something I say, will you let me know
 4  that so I can clarify it for you?  Mr. Padilla.
 5            DEFENDANT PADILLA:  Yes, that's fine.
 6            THE COURT:  And Mr. Madrigal?
 7            DEFENDANT MADRIGAL:  Yes.
 8            THE COURT:  Mr. Madrigal, would you be more
 9  comfortable sitting down?
10            DEFENDANT MADRIGAL:  Yes.
11            THE COURT:  Please have a seat.
12            DEFENDANT MADRIGAL:  Okay.
13            MR. DeBOSE:  Thank you, your Honor.
14            THE COURT:  Does each of you understand that you
15  do have the right to appear before the district judge in
16  your case, who is also the sentencing judge, in order to
17  enter your guilty plea?  Mr. Padilla?
18            DEFENDANT PADILLA:  Yes.
19            THE COURT:  Mr. Madrigal?
20            DEFENDANT MADRIGAL:  Yes.
21            THE COURT:  And each of you have agreed to give up
22  that right and enter your guilty plea before me, a
23  magistrate judge?  Mr. Padilla?
24            DEFENDANT PADILLA:  Yes.
25            THE COURT:  Mr. Madrigal?
```

3

1       DEFENDANT MADRIGAL:  Yes.
2       THE COURT:  I'm now going to advise you of your
3  constitutional rights.  You have the right to persist in
4  your plea of not guilty.  You have the right to a speedy and
5  public trial.  You have the right to be tried by a jury, or
6  you could give up that right and agree to be tried by a
7  judge.
8       You have the right to assistance of counsel
9  throughout the proceedings, including at trial.  If you
10 cannot afford to pay an attorney to represent you at trial,
11 then appointed counsel will represent you throughout the
12 trial at no cost to you.
13      You have the right to confront and cross-examine
14 witnesses who would testify against you.  You have the right
15 to present a defense and subpoena witnesses to court to
16 testify on your behalf.
17      You also have the right against compelled self-
18 incrimination, meaning that you cannot be forced to testify
19 at any hearing or at trial, and the Government cannot
20 comment on your silence.
21      Does each of you understand the constitutional
22 rights I've just described to you?  Mr. Padilla?
23      DEFENDANT PADILLA:  Yes.
24      THE COURT:  Mr. Madrigal?
25      DEFENDANT MADRIGAL:  Yes.

4

1          THE COURT:  If you plead guilty to the charge
2 against you, there will be no trial, and you will be giving
3 up the constitutional rights that I just described to you,
4 with the exception of the right to continued assistance of
5 counsel.
6          Does each of you understand and agree to give up
7 those rights?  Mr. Padilla?
8          DEFENDANT PADILLA:  Yes.
9          THE COURT:  Mr. Madrigal?
10          DEFENDANT MADRIGAL:  Yes.
11     (Pause while Court heard other matters.)
12          THE COURT:  Mr. Madrigal, the charge in the
13 information is that on November 5, 2007, you knowingly and
14 intentionally imported approximately 12.80 kilos or 28.16
15 pounds of cocaine into the United States in violation of
16 Title 21, United States Code Sections 952 and 960.
17          If you were to go to trial on this charge, the
18 Government would have to prove the following elements of the
19 crime beyond a reasonable doubt.  One, that you
20 intentionally brought cocaine into the United States.  Two,
21 that you knew you were bringing in cocaine or some other
22 prohibited drug.  And three, the amount of cocaine as being
23 approximately 12.8 kilos or 28.16 pounds.
24          If you plead guilty to this charge, you will be
25 admitting each of those elements.  Do you understand that,

5

1  sir?
2           DEFENDANT MADRIGAL:  Yes.
3           THE COURT:  Gentlemen, I'm now going to advise you
4  of the maximum penalties associated with the charge against
5  you.
6       (Pause while Court heard other matter.)
7           THE COURT:  Mr. Madrigal, in your case there is a
8  minimum mandatory term of 10 years with a maximum life in
9  prison, a maximum $4 million fine, a mandatory special
10 assessment of $100, and a term of supervised release of at
11 least five years.
12          Do you understand the maximum penalties you face
13 if you plead guilty to this charge, sir?
14          DEFENDANT MADRIGAL:  Yes.
15          THE COURT:  And Mr. Padilla, do you understand the
16 maximum penalties you face?
17          DEFENDANT PADILLA:  Yes.
18          THE COURT:  Gentlemen, what the supervised release
19 provision means is that after you serve a prison sentence
20 and you are released from prison, you still have to comply
21 with certain conditions that are imposed by the sentencing
22 judge.
23          If at any time during the period of your
24 supervised release you are found to have violated the
25 conditions of your supervised release, then you could be

6

1  returned to prison, in Mr. Padilla's case for three years,
2  and in Mr. Madrigal's case for five years, and that would be
3  in addition to the time you had already spent in prison on
4  the original charge.
5           Does each of you understand that?  Mr. Padilla?
6           DEFENDANT PADILLA:  Yes.
7           THE COURT:  Mr. Madrigal?
8           DEFENDANT MADRIGAL:  Yes.
9           THE COURT:  I also need to advise you that if you
10 are currently on probation, parole or supervised release
11 from a separate criminal case, your guilty plea in this case
12 would trigger a violation of that status.
13          Does each of you understand that?  Mr. Padilla?
14          DEFENDANT PADILLA:  Yes.
15          THE COURT:  Mr. Madrigal?
16          DEFENDANT MADRIGAL:  Yes.
17          THE COURT:  I also need to advise you that if
18 there are criminal charge presently pending against you in a
19 separate criminal case, a sentencing judge in this case does
20 not have the authority to order that the sentence in this
21 case run concurrently with any separate criminal sentence
22 that might later be imposed in a different case.
23          Does each of you understand that?  Mr. Padilla?
24          DEFENDANT PADILLA:  Yes.
25          THE COURT:  Mr. Madrigal?

                                                                    7

 1            DEFENDANT MADRIGAL:  Yes.
 2            THE COURT:  Mr. Padilla, are you a United States
 3  citizen?
 4            DEFENDANT PADILLA:  No.
 5            THE COURT:  Mr. Madrigal, are you a United States
 6  citizen?
 7            DEFENDANT MADRIGAL:  No.
 8            THE COURT:  Then each of you understands that
 9  after you serve a prison sentence in your case, you will be
10  deported from the United States?  Mr. Padilla?
11            DEFENDANT PADILLA:  Yes.
12            THE COURT:  Mr. Madrigal?
13            DEFENDANT MADRIGAL:  Yes, I do.
14            THE COURT:  Gentlemen, I also need to advise you
15  that because of the nature of the drug charges against you
16  and as a result of your guilty plea, you will be come
17  immediately ineligible for any benefits under the food stamp
18  program or the Social Security program.
19            Does each of you understand that?  Mr. Padilla?
20            DEFENDANT PADILLA:  Yes.
21            THE COURT:  Mr. Madrigal?
22            DEFENDANT MADRIGAL:  Yes.
23            THE COURT:  All right.  In determining the precise
24  sentence in both of your cases, the sentencing judge will
25  consult the sentencing guidelines.  Has each of you had an

8

1 opportunity to speak with your attorney about how the
2 sentencing guidelines might apply to you?  Mr. Padilla?
3            DEFENDANT PADILLA:  Yes.
4            THE COURT:  Mr. Madrigal?
5            DEFENDANT MADRIGAL:  Yes.
6            THE COURT:  I need to caution you that the
7 sentencing guidelines are advisory only, meaning that the
8 sentencing judge is not required to follow them.  Therefore,
9 the sentencing judge could impose the maximum statutory
10 sentence in each of your cases, which is 20 years in Mr.
11 Padilla's case and life in prison in Mr. Madrigal's case,
12 even if the sentencing guidelines were to advise something
13 less than that.
14           Does each of you understand that?  Mr. Padilla?
15           DEFENDANT PADILLA:  Yes.
16           THE COURT:  Mr. Madrigal?
17           DEFENDANT MADRIGAL:  Yes.
18           THE COURT:  Neither your attorney no the Court can
19 tell you today the precise sentence that will be imposed by
20 the sentencing judge.  If the sentence you receive is more
21 severe than what you expected, you will still be bound by
22 your guilty plea.  While you might have the right to appeal
23 your sentence, you will not have the right to withdraw your
24 guilty plea.
25           Does each of you understand that?  Mr. Padilla?

9

```
 1              DEFENDANT PADILLA:  Yes.  That's fine.
 2              THE COURT:  Mr. Madrigal?
 3              DEFENDANT MADRIGAL:  Yes.
 4              THE COURT:  You do have the right to appeal any
 5  sentence that is imposed by the Court unless you give up
 6  that right as part of your plea agreement with the United
 7  States Government.
 8              I've been handed a written plea agreement in both
 9  of your cases, and I'll ask counsel first for Mr. Padilla
10  whether this is the entire agreement between the parties.
11              MR. RUTTAN:  It is, your Honor.
12              THE COURT:  And counsel for Mr. Madrigal, is this
13  the entire agreement between the parties?
14              MR. DeBOSE:  Yes, your Honor, this is the entire
15  agreement.
16         (Pause while Court heard other matters.)
17              THE COURT:  Mr. Madrigal, in the lower right-hand
18  corner of each page of your plea agreement I see the
19  initials R.M.  Are those your initials?
20              DEFENDANT MADRIGAL:  Yes.
21              THE COURT:  And do your initials on each page of
22  your plea agreement signify that you read that page or had
23  it read to you in your own language and understood its
24  contents?
25              DEFENDANT MADRIGAL:  Yes.
```

10

1    THE COURT:  Did you review this entire plea
2 agreement with Mr. DeBose before you signed it on the last
3 page?
4    DEFENDANT MADRIGAL:  Yes.
5    THE COURT:  And this is your signature on the last
6 page of the plea agreement?
7    DEFENDANT MADRIGAL:  Yes, ma'am.
8    THE COURT:  And are you satisfied with the
9 services of your attorney?
10   DEFENDANT MADRIGAL:  Yes.
11   THE COURT:  Do you have any questions you want to
12 ask the Court about the terms of your written plea
13 agreement?
14   DEFENDANT MADRIGAL:  No.
15   THE COURT:  All right.  Gentlemen, I want to
16 discuss one provision that appears in each of your plea
17 agreements with you.  It's entitled "Defendant Waives Appeal
18 and Collateral Attack," and it appears at paragraph 11 in
19 each of your plea agreements.  I want to make sure you
20 understand what those terms mean.
21   To appeal your conviction or sentence means to
22 appeal the result in this case to a higher court.  To
23 collaterally attack your conviction or sentence means to
24 challenge their validity in any kind of future proceeding,
25 whether it's a criminal proceeding, a civil proceeding or

1  even an administrative proceeding.
2          Does each of you understand what those terms mean?
3  Mr. Padilla?
4          DEFENDANT PADILLA:  Yes.
5          THE COURT:  Mr. Madrigal?
6          DEFENDANT MADRIGAL:  Yes.
7          THE COURT:  Paragraph 11 in each of you plea
8  agreements provides that in return for the Government's
9  concessions in the plea agreement, you waive to the full
10 extent of the law any right to appeal or collaterally attack
11 the conviction and sentence unless the Court were to impose
12 a custodial sentence greater than the high end of the
13 guideline range that's recommended by the Government at the
14 time of sentencing.
15         If the sentence you receive is greater than the
16 high end of the guideline range, then you can appeal.  But
17 the Government will be free to support on appeal the
18 sentence that is actually imposed.  If you believe the
19 Government's sentencing recommendation is not in accordance
20 with your plea agreement, then you have to object at the
21 time of sentencing.  Otherwise, your objection will be
22 deemed waived.
23         Does each of you understand and agree to this
24 provision on waiver of appeal and collateral attack?  Mr.
25 Padilla?

```
                                                                  12
 1              DEFENDANT PADILLA:  Yes.  That's fine.
 2              THE COURT:  Mr. Madrigal?
 3              DEFENDANT MADRIGAL:  Yes.
 4              THE COURT:  Counsel, has each of you discussed the
 5  written plea agreement in its entirety with your clients,
 6  including the provisions on waiver of appeal and collateral
 7  attack?  Mr. Ruttan?
 8              MR. RUTTAN:  Yes, your Honor.
 9              THE COURT:  Mr. DeBose?
10              MR. DeBOSE:  Yes, your Honor.
11              THE COURT:  And in each of your opinions, does
12  your client understand the plea agreement in its entirety?
13  Mr. Ruttan?
14              MR. RUTTAN:  Yes, your Honor.
15              THE COURT:  Mr. DeBose?
16              MR. DeBOSE:  Yes, your Honor.
17              THE COURT:  Then gentlemen, considering the
18  potential penalties you can receive and the other
19  consequences of the guilty plea I've discussed with you this
20  morning, do you still want to give up the constitutional
21  rights I told you about earlier and enter a guilty plea to
22  the charge against you?  Mr. Padilla?
23              DEFENDANT PADILLA:  Yes.  Fine.
24              THE COURT:  Mr. Madrigal?
25              DEFENDANT MADRIGAL:  Yes, your Honor.
```

*Echo Reporting, Inc.*

13

1     THE COURT:  Has anyone promised you anything other
2 than what is contained in the written terms of your plea
3 agreement in order to get you to plead guilty?  Mr. Padilla?
4     DEFENDANT PADILLA:  No, nobody.
5     THE COURT:  Mr. Madrigal?
6     DEFENDANT MADRIGAL:  No.
7     THE COURT:  Has anyone threatened either of you in
8 order to get you to plead guilty?  Mr. Padilla?
9     DEFENDANT PADILLA:  No, nobody.
10    THE COURT:  Mr. Madrigal?
11    DEFENDANT MADRIGAL:  No.
12    THE COURT:  I'm going to read the charge to you
13 and ask you how you plead.  And then I'm going to ask some
14 questions about the underlying facts in your case.  And I
15 need to caution you, if you were to give a false answer to
16 any question I ask, you could later be prosecuted for making
17 a false statement.
18    Does each of you understand that?  Mr. Padilla?
19    DEFENDANT PADILLA:  Yes.  That's fine.
20    THE COURT:  Mr. Madrigal?
21    DEFENDANT MADRIGAL:  Yes, your Honor.
22    (Pause while Court heard other matters.)
23    THE COURT:  Mr. Madrigal, the charge in the
24 information is that on November 5, 2007, within the Southern
25 District of California, Defendant Ramon Madrigal-Navarro did

14

1  knowingly and intentionally import five kilos or more,
2  specifically approximately 12.80 kilos or 28.16 pounds of
3  cocaine, a Schedule II controlled substance, into the United
4  States from a place outside thereof, in violation of Title
5  21, United States Code Sections 952 and 960.
6         How do you plead to that charge, sir?  Are you
7  guilty or not guilty?
8         DEFENDANT MADRIGAL:  Yes, I'm guilty.
9       (Pause while Court heard other matters.)
10        THE COURT:  Mr. Madrigal, is it true that on
11 November 5, 2007, you knowingly and intentionally drove a
12 black Jeep Liberty from Mexico into the United States at the
13 San Ysidro port of entry?
14        DEFENDANT MADRIGAL:  Yes.
15        THE COURT:  Is it further true that at the time
16 you drove that vehicle into the United States, concealed
17 within it was approximately 12.80 kilos or 28.16 pounds of
18 cocaine?
19        DEFENDANT MADRIGAL:  Yes, your Honor.
20        THE COURT:  And is it further true that at the
21 time you drove that vehicle into the United States, you knew
22 it contained cocaine or some other prohibited drug?
23        DEFENDANT MADRIGAL:  Yes, your Honor.
24        THE COURT:  Is the Assistant U.S. Attorney
25 satisfied with the factual basis?

15

1          MR. MANNAHAN:  Yes, your Honor.
2          THE COURT:  Counsel, is each of your clients'
3 pleas made voluntarily and with your concurrence?  Mr.
4 Ruttan?
5          MR. RUTTAN:  Yes, it is, your Honor.
6          THE COURT:  Mr. DeBose?
7          MR. DeBOSE:  Yes, your Honor, the plea is.
8          THE COURT:  Mr. Perrault, would you now please
9 rearraign each of these gentlemen.
10         THE CLERK:  Now that you have each been advised of
11 your rights, the charges against you and the possible
12 sentence, first as to Mr. Padilla, how do you now plead to
13 Count 1 of the information, guilty or not guilty?
14         DEFENDANT PADILLA:  Guilty.
15         THE CLERK:  And as to Mr. Madrigal, how do you now
16 plead to Count 1 of the information, guilty or not guilty?
17         DEFENDANT MADRIGAL:  Guilty.
18         THE COURT:  This Court finds that each of the
19 Defendants' guilty pleas is made knowingly and voluntarily
20 with a full understanding of the nature of the charge, the
21 Defendants' rights and the consequences of the plea and that
22 there is a factual basis for each of these pleas.
23         I will therefore recommend that the district judge
24 accept each of your pleas.  And for Mr. Padilla, I'm going
25 to set your sentencing hearing before Judge Moskowitz on

```
                                                         16
 1  April 11, 2008 at 8:30 in the morning.  And I will exclude
 2  time between today's date and April 11 on the grounds that
 3  Judge Moskowitz will be considering your tendered guilty
 4  plea.
 5          For Mr. Madrigal, I'm going to set your sentencing
 6  hearing on April 7 at 9:00 o'clock in the morning before
 7  Judge Hayes.  And I'll exclude time between today's date and
 8  April 7 on the grounds that Judge Hayes will be considering
 9  your tendered guilty plea.
10          Thank you, gentlemen.  Thank you, counsel.
11          MR. DeBOSE:  Yes.  Thank you, your Honor.
12          MR. RUTTAN:  Thank you, your Honor.
13          THE COURT:  You're welcome.
14          MR. DeBOSE:  Your Honor, at this time if you'd
15  vacate the motion date for 2/19/08.
16          THE COURT:  Yes.  That hearing date will be
17  vacated.
18          MR. DeBOSE:  Thank you, your Honor.
19          THE COURT:  Thank you.
20      (Proceedings concluded.)
21
22
23
24
25
```

*Echo Reporting, Inc.*

```
                                                                    17
 1           I certify that the foregoing is a correct
 2  transcript from the electronic sound recording of the
 3  proceedings in the above-entitled matter.
 4
 5  s/Shonna Mowrer                        6/23/08
    Transcriber                            Date
 6
    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
 7
 8
    s/L.L. Francisco
 9  L.L. Francisco, President
    Echo Reporting, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```